The opinion of the court was delivered by
Watkins, J.
This appeal presents for consideration three questions : (1) The refusal of the trial judge to give the jury a requested special charge; (2) his declination to grant a new trial; (3) his overruling a motion in arrest of judgment.
The indictment charges in one count that the accused, wilfully, feloniously and of his malice aforethought, did shoot and wound one Allen Warren, with a dangerous weapon, with intent to kill and murder him; and, in another count, it charges that the accused, in and upon the said Allen Warren, feloniously, wilfully and maliciously, did inflict a wound less than mayhem, with a dangerous weapon.
Upon the trial, the jury pronounced a verdict of guilty, in general terms, and the judge sentenced the accused to imprisonment at hard labor in the penitentiary for four years, and from that sentence and decree he appeals.
I.
Counsel requested the court to charge the jury as folows, viz :
“That in order to And the accused guilty under the second count of the indictment, maiice must have been proved beyond a reasonable doubt, and the word malice, as used in Sec. 794 of the Revised Statutes as amended by Act No. 17 of the General Assembly of 1888, must be understood and interpreted by the same definition as is set forth by the law writers of approved authority, under the head of murder; and unless such malice is proven as would have made the offence murder, had death ensued, the accused can not be convicted.’r
This charge the judge declined to give in terms, but in lieu thereof he gave the jury the following instructions, viz:
“That the accused could not be convicted under the second count of the indictment unless (the jury) should find, beyond all reasonable doubt, that Allen Warren had been shot and wounded by the accused, and that the accused had acted wilfully and maliciously in so doing. That by the word ‘maliciously’ was meant with evil intent and design, and with the intent to injure, and not accidentally or lawfully. That it was not necessary that (the jury) should find, in order to con *88 vict, that had death ensued, the accused would have been guilty .of murder.”
Act 17 of 1888 amends Sec. 794 of the Revised Statutes by making it read thus: “Whoever shall ‘ wilfully and maliciously,’ with a dangerous weapon, s * * inflict a wound less than mayhem,” etc. The amendment consists in the addition of the words ‘ ‘ wilfully and maliciously” to the original statute. The indictment, in its second count, distinctly charges a wounding less than mayhem, in the words of the amendment. It is therefore quite apparent that the charge given to the jury was pertinent and appropriate.
The question, in regard to which the judge was required by the law to give the jury instruction, was the meaning and true significance of the word “maliciously,” as it occurs in the act under which the indictment was found, and to this question his charge was responsive.
It was his duty to do that, and it was not his duty to do more. We think he properly refused to charge that, unless such malice is proven as would have made the offence murder (in case death had ensued), the accused can not be convicted; because that would, in all probability, have been a misleading instruction, as there was no murder, or of an attempt to murder, or of an intent to murder, raised by this count of the indictment, or the law. For it has been frequently held that a judge should refuse to charge an abstract proposition of law which has no bearing on the case upon trial, whether that proposition be correct or incorrect. State vs Riculfi and McClung, 35 An. 770; State vs. Garic, 35 An. 970; State vs. Hamilton, 35 An. 1043; State vs. Ford, 37 An. 443; State vs. Labuzan, 37 An. 489; State vs. Daly, 37 An. 576; State vs. Durr, 39 An. 751.
II.
The second bill of exceptions appertains to the judge’s refusing to grant the accused a new trial, which was based solely on the ground that the verdict of the jury was contrary to law and evidence.
It is elementary that we have no jurisdiction to review the facts on which the verdict depends. State vs. Nelson, 32 An. 845; State vs. Seiley, 41 An. 143.
If the verdict is contrary to law, the errors complained of should be set out fully and distinctly in the motion, so that the lower judge may be advised of what they are alleged to be, and in order that we may judge of the correctness and propriety of his ruling thereon.
*89 Hence we have often held that we could not examine and pass upon the ruling of a judge in refusing to grant a new trial, when the only ground assigned was that the verdict of the jury was “ contrary to law and evidence.”
III.
The third bill of exceptions is grounded upon the refusal of the judge to sustain a motion in arrest of judgment.
The motion is somewdiat involved in its verbiage and somewhat difficult of analysis, but the purport of it is: that the indictment in one count, charges the accused with shooting with intent to murder, and in a second count, it charges him with inflicting a wound less than mayhem; that these two offences are charged to have been committed upon one and the same person, and upon the same day; and that said charges are the result or consequences of one act.
He complains that the indictment charges two separate and distinct offences, under two separate and distinct statutes — Secs. 791 and 794 of the Revised Statutes — and, for the breach of each of ■which, there is a separate and distinct penalty attached; and no judgment can be rendered thereunder, because, if any crime was committed at all, it resulted from one single act, and was the breach of one single statute, and could not and does not constitute a breach of two separate statutes. It is further to the effect that, if said verdict be carried into effect, he would, virtually, have been twice tried and punished for the commission of the same act, and his liberty would have been twice putin jeopardy, contrary to the provisions of Article 5 of the Constitution.
The sense of the motion is, that the record discloses an error in this, viz.: that the indictment, in two counts, charges two separate and distinct offences, as flowing from a single act, and that as the accused can not be twice tried for the same offence, it is obnoxious to the quoted constitutional provision.
In support of this proposition we are cited to the case State vs. Augustine, 29 An. 119. In that ease the court said: “The question presented by this appeal is whether, when a party steals a w^agon and a horse harnessed in it, and is indicted, tried, convicted and sentenced for the larceny of the wagon alone, he can be afterward prosecuted for the theft of the horse.”
“The horse and wagon being harnessed together, the taking of them was a single act, and constituted but one fact. We think, uider *90 the circumstances, there was but one theft. To hold otherwise would be to permit an unlimited number of indictments to be predicated upon one single fact — one taking.”
After detailing the particulars, the court expresses the opinion “that where two or more crimes result from a single act or fact, but one indictment will lie.”
The court cites in support of its theory Sec. 1055 of the Revised Statutes, the sense of which is stated to be “that no person tried and acquitted of an offence can be tried for another and different offence arising from the same state of facts.”
We have quoted at length from that opinion for the purpose of showing that its full force may be considered, and the validity of the indictment under consideration maintained.
The effect of that opinion is, that when two or more crimes result from a single act, but one indictment will lie; or, as the defendant’s counsel puts it, the accused can not be tried twice, or his liberty be twice put in jeopardy; but it does not result therefrom that the two or more crimes which result from the same act can not be cumulatively charged in one indictment in several counts.
This question was definitely settled in State vs. Green, 37 An. 382, in which an indictment, containing two counts, charged the accused with two distinct offences, as arising out of one act, and which was founded upon the identical sections of the Revised Statutes under which the District Attorney framed the bill in the instant case.
In that case we said:
“It is too clear for argument- that both offences could grow out of the same act. Hence, it follows that they are kindred offences and belong to the same generic class, and jurisprudence has crystallized the rule that such offences may be charged in the same indictment, provided they be incorporated in separate counts.”
Oited in support of that opinion are: State vs. Malloy, 30 An. 61; State vs. Deposs, 31 An. 487; State vs. Johns, 32 An. 812; State vs. Gelkie, 35 An. 53.
In one of those cases — State vs. Johns — the accused was charged with two distinct offences as arising out of one single act under Secs. 791 and 794, Revised Statutes, and the indictment .was held to be vicious because it contained but one count.
But the counsel for the defendant insists that because there was but one verdict, and the judge imposed but one sentence, the in *91 dictment must be construed accordingly; but the validity of the indictment must be determined, as a matter of fact, from an examination of its provisions only.
It was within the discretion of the judge to sentence the accused under each of the two charges, as he was authorized to have done under a general verdict of guilty. Such was the course pursued by the District Judge in State vs. Robinson, 40 An. 780, and we approved his action.
We have taken the pains to examine this question with special care for the purpose of showing that our jurisprudence is plain and free from doubt, and that the indictment is valid and consistent therewith.
Judgment affirmed.